UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GREGORY V. SAPUT,<br>　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 16-cv-02563-NJV<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 18, 19 |

Plaintiff Gregory V. Saput seeks judicial review of an administrative law judge ("ALJ") decision denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff's request for review of the Administrative Law Judge's ("ALJ's") unfavorable decision was denied by the Appeals Council. The ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 6 & 15). For the reasons stated below, the court will grant Plaintiff's motion for summary judgment, and remand this action for further proceedings.

## LEGAL STANDARDS

**T**he Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108

F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## SUMMARY OF THE RELEVANT MEDICAL EVIDENCE

Plaintiff suffers the severe impairments of stenosis of the lumbar spine with disk herniation, a history of obesity, and depression. (AR 24). On November 26, 2010, Plaintiff was treated for a flare-up of low back pain, and "very limited range of motion due to pain" was found on exam. (AR 305). On March 7, 2011, when Plaintiff was seen for recurrent lumbar pain, sciatic symptoms and a right foot drop were noted. (AR 358). Antalgic gait was noted on August 10, 2011. (AR 432).

Non-treating consultative examiner Rose Lewis, M.D., examined Plaintiff on August 16, 2012, and found that in addition to having back pain, his left knee was swollen and tender. (AR 475). The combination of left knee pain and degenerative disc disease with radiculopathy limited Plaintiff's standing and walking to less than two hours. *Id*. Sitting was limited to up to four hours due to his back pain and radicular symptoms. *Id*. Lifting and carrying was limited to ten pounds due to decreased range of motion of the left knee, acute degenerative disc disease with radiculopathy, decreased balance, and chronic anterior cruciate ligament injury in the left knee. (AR 475-76).

A lumbar MRI dated March 22, 2011, found a large L3-4 right posterior paracentral disc protrusion and extrusion resulting in severe central spinal stenosis and right lateral recess stenosis and degenerative disc disease at L4-5 with circumferential disc bulging and congenital spinal stenosis resulting in relatively severe central spinal stenosis. (AR 378). Treating neurosurgeon John Aryanpur, M.D., examined Mr. Saput on April 18, 2011, and noted diminished sensation in the right lower extremity, right foot weakness, and positive "reverse" straight leg raising on the right. (AR 382). On January 6, 2015, Dr. Aryanpur wrote that Plaintiff "is likely disabled from

being able to return to any type of heavy duty work . . . He asked me whether he would be able to return to work after surgery, and I simply am unable to state this with any certainty." (AR 556).

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*id*. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (AR 21-34).

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 23).

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following severe impairments: stenosis of the lumbar spine with disk herniation, a history of obesity, and depression. (AR 24).

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the

claimant is successful, a disability is presumed and benefits are awarded. *Id.* If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id.* § 416.920(a)(4)(iv),(e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 27). Next, the ALJ found that Plaintiff had the residual functional capacity to perform a range of light work with several exertional and non-exertional limiations. (AR 27-28).

At Step Four, the ALJ found that Plaintiff could not perform his past relevant work. AR 32.

At Step Five, after consulting with a vocational expert, the ALJ found that there were a significant number of jobs that Plaintiff could perform in the national economy. (AR 33). Accordingly, the ALJ found that Plaintiff had "not been under a disability, as defined in the Social Security Act," through the relevant time period. (AR 34).

## DISCUSSION

Plaintiff presents two issues for this court's consideration: (1) whether "[t]he Administrative Law Judge (ALJ) committed harmful legal error by failing to properly analyze Listing 1.04A for lumbar spine impairments as required at Step Three of the evaluation process; and (2) whether "[t]here is new evidence of objective testing showing the extent of the claimant's condition." Pl.'s Mot. (Doc. 18) at 2. Because the new evidence relates to the Step Three determination, the court will discuss it first.

Plaintiff argues that he has submitted new and material evidence that supports his allegations that his stenosis of the lumbar spine with disc herniation impairment equaled Listing 1.04A. The new evidence is medical records from Plaintiff's treating physician, John Aryanpur M.D., which were submitted to the Appeals Council on January 4, 2016, before the Appeals Counsel denied review of the ALJ's decision on March 14, 2016. (AR. 552-557). Defendant counters that "Plaintiff's argument is without merit." Def.'s Mot. (Doc. 19) at 7.

Plaintiff argues that the new evidence shows that his impairment equaled the listing, while Defendant argues that the new evidence does not *prove* Plaintiff equaled the Listing. The standard regarding new evidence is that it must be material, which means that "the new evidence must bear

4

directly and substantially on the matter in dispute . . . [and] that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (internal citations omitted). Plaintiff makes reference to this standard, but then argues that the new evidence goes beyond the "reasonable possibility" standard and instead, argues that the new evidence establishes the equivalency.

Section 1.04 provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

It is the second part of that test that is in question in this case. That is, does the new evidence establish nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)," or its equivalence? In his report dated January 6, 2015, Dr. Aryanpur notes the "MRI of the lumbar spine obtained recently shows multilevel degenerative disc disease with disc desiccation and disc space narrowing." (AR 555). He also notes that "[t]here is facet arthropathy . . . [and] lateral recess stenosis at L3-4 and bilaterally at L4-5 secondary to ligamentous and facet arthropathy." (AR 555). Dr. Aryanpur provides his opinion that the multilevel degenerative disc disease with facet arthropathy "is likely to cause mechanical back pain on an ongoing basis." (AR 556). Dr. Aryanpur also describes Plaintiff's symptoms stating that "bending, twisting, and lifting all make [Plaintiff's] pain worse. At times, his back is so painful and weak that he feels he needs a walker to even stand or get around." (AR 554). Dr. Aryanpur noted that Plaintiff moved "very gingerly, and appear[ed] in obvious pain." (AR 555). He also found that that Plaintiff's ankle reflexes were absent, toes were down going, and his gait was bilaterally antalgic. *Id*. While this evidence may, in conjunction

with the other evidence of record, support Plaintiff's claim that his impairments equal the listing,[1] the court does not find that this new evidence establishes that Plaintiff's impairments equaled the listing. However, the court does find that the new evidence at least raises the 'reasonable possibility' of a changed outcome of the administrative hearing.

In making the determination that Plaintiff did not meet or medically equal Listing 1.04, the ALJ pointed to the evidence that showed that "at times straight-leg-raising tests were positive and [Plaintiff's] gait was described as antalgic []. However, longitudinal progress notes from [Plaintiff's] treating sources show no, or little, evidence of abnormalities of [Plaintiff's] back, gait, or neurological functioning . . . At best, the positive clinical findings of record are equivocal." (AR 27). In other words, the ALJ found equivocation between those individual findings and the longitudinal progress notes. The new evidence represents a change in the longitudinal progress notes from the treating physician and may reasonably upset the balance of equivocation in Plaintiff's favor. Because these were the primary reasons relied on by the ALJ, in making the Step Three determination, the new evidence creates a "reasonable possibility" of a changed outcome and is material.

The court finds then that remand is appropriate for the ALJ to consider the new evidence in making the Step 3 determination. Plaintiff's challenges to the sufficiency of the Step 3 determination are now moot as the determination will be redone.

//
//
//
//
//
//
//

---

[1] "[F]or a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (internal citations omitted).

**CONCLUSION**

For the reasons stated above, the court GRANTS Plaintiff's motion for summary judgment and REMANDS this matter for further proceedings in accordance with this Order.

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: August 9, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge